UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES GLASER,

                Petitioner,               **REPORT AND RECOMMENDATION**

    -against-

                                                     03 Civ. 5700 (SCR) (GAY)

THOMAS POOLE, Superintendent,
Five Points Correctional Facility,

                Respondent.
------------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Petitioner Charles Glaser ("petitioner") has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his judgment of conviction for the crime of Criminal Possession of Stolen Property in the Fourth Degree (N.Y. Penal Law § 165.45(5)). For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

**I. BACKGROUND**

      On April 27, 1997, petitioner was observed driving a stolen vehicle in upper Manhattan. See Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Memo. in Opp.") at 1. A police officer activated his bubbler lights as he followed petitioner. Id. Petitioner sped away and crashed the car. Id. He then exited the vehicle and attempted to get away but was apprehended. Id. at 1-2.

      On July 3, 1997, petitioner pleaded guilty to one count of criminal possession of stolen property in the fourth degree (N.Y. Penal Law § 165.45(5)) in New York Supreme

1

Court in New York County (Budd Goodman,J., presiding). (Memo. in Opp. at 2).  The plea agreement promised a sentence of one and three-quarters to three and one-half years in prison[1].  Id.  However, this sentence was conditional on petitioner's return to court on sentencing day.  Id.  The stipulation was that if he did not report, the court would consider sentencing him as a discretionary persistent felony offender.  Id.

Petitioner failed to appear at his sentencing. (Petitioner's Memorandum of Law in Support of Petition for a Writ of Habeas Corpus ("Pet. Memo.") at 3).  Petitioner's reason for not appearing in court was that he tripped and fell on a sidewalk on his way to court.  Id.  After the fall, he went to the emergency room and claims to have called the court that day and the next day to inform them about the accident and also to state that the doctor recommended that he stay off his feet for a week.  Id.  A bench warrant was issued for petitioner's arrest.  (Memo in Opp. at 2).  Petitioner was arrested and remanded. (Pet. Memo. at 3).  The court ordered a hearing to determine whether to sentence petitioner as a persistent felony offender. Id.

On July 13, 1998, the sentencing hearing was held. (Memo in Opp. at 2). Pursuant to New York C.P.L. §§400.20(1),(5), (9) and New York Penal Law  §70.10(1), the court adjudicated petitioner a persistent felony offender. (Pet. Memo. at 3).  These provisions allow a judge instead of a jury to find by a preponderance of the evidence that the defendant's history and character and the nature and circumstances of his criminal conduct warrants extended incarceration.  Id.  Petitioner conceded that between May 1976 and January 1994 he was convicted of nine felonies including

---

[1] The maximum possible sentence was two to four years of imprisonment. (Pet. Memo at 2).

2

robbery in the second degree, attempted burglary in the third degree and other property crimes. Id.  Petitioner was sentenced to a term of fifteen years to life.

Petitioner, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Second Department, on the grounds that (1) "he was improperly adjudicated as persistent felony offender where the court ordered a persistent felony offender hearing where petitioner did not materially breach the conditions of the plea agreement, the court exhibited bias throughout the hearing; appellant was primary caretaker for his elderly, paraplegic father; and appellant's criminal conduct stemmed from his unaddressed drug addiction"; (2) he was deprived of his Sixth and Fourteenth Amendment rights to notice of the charges against him, to a jury trial, and to due process of the law by the court's imposition of sentence of fifteen years to life imprisonment as a discretionary persistent felon where the enhanced sentence was premised upon uncharged facts found by the trial court by a mere preponderance of the evidence.  Petition for a Writ of Habeas Corpus ("Pet.") at ¶ 9;  See also People v. Glasser, 290 A.D.2d 356, 737 N.Y.S.2d 26, 2002 N.Y. Slip Op. 00535 (1st Dep't 2003).

The Second Department held that petitioner was properly adjudicated a persistent felony offender; and that the testimony established that petitioner exhibited a disturbing and often violent history of criminal recidivism over a period of 25 years, including numerous felony convictions; and that each time he was released after a period of incarceration, he returned to his criminal ways in order to support his narcotics addiction. Id.  The court also noted that petitioner's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is unpreserved for appellate review and, in any event, without merit.  Id.  Petitioner sought

further review of the decision by appeal to the New York Court of Appeals on the same grounds. On May 10, 2002, the Court of Appeals denied petitioner leave to appeal. People v. Glasser, 98 N.Y.2d 651, 772 N.E.2d 612 (2002).

On or about July 31, 2003, petitioner timely filed the instant Petition for a Writ of Habeas Corpus. He asserts that he was deprived of his Sixth and Fourteenth Amendment rights when the court imposed a sentence of fifteen years to life in prison based upon judicial fact-finding; made under a standard of proof less than beyond a reasonable doubt that his history and character warranted extended incarceration. See Pet. at ¶ 12.

## II.  STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III.  DISCUSSION

A.  Apprendi Claim

Petitioner argues that pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the court should not have sentenced him based on facts that were not submitted to a jury and proven beyond a reasonable doubt. Petitioner further contends that the New York persistent offender statute violates the Supreme Court ruling in Apprendi and therefore the statute is unconstitutional.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Apprendi, 530 U.S. at 490.  The defendant in Apprendi was charged solely with second-degree possession of a firearm for an unlawful purpose.  This charge carried a prison term of 5 to 10 years.  The defendant pleaded guilty.  Later, the prosecutor filed a motion to enhance the sentence based on the New Jersey hate crime statute.  This statute allowed for an enhanced sentence if a trial judge found, by a preponderance of the evidence, that the defendant committed the crime with a purpose

5

to intimidate a person or group because of, *inter alia,* race.  Apprendi at 471.  Ultimately, the trial judge determined that the crime was racially motivated and the defendant was sentenced to 12 years.  Id.  The case was appealed. The defendant claimed that the Due Process Clause required that a factual finding of bias be proved to a jury beyond a reasonable doubt.  Id.  The ruling was affirmed.  The Supreme Court ruled that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.  Id. at 473-495.

Penal Law § 70.10(1)(a) defines a persistent felony offender as a person convicted of a felony who has two or more prior felony convictions.  Criminal Procedure Law § 400.20(5) states that the sentencing court may review the history, character and criminality factors of a defendant to determine whether to impose a recidivism sentence.  Additionally, Criminal Procedure Law § 400.20(1) establishes that  a defendant may not be sentenced as a persistent felony offender until the court has made the requisite judgment as to the defendant's character and criminality.  Criminal Procedure Law § 400.20 also authorizes a hearing in which a defendant may present evidence on his history and character or controvert any allegations.

In People v. Rivera, 5 N.Y.3d 61, 800 N.Y.S.2d 51, 833 N.E.2d 194 (2005), the New York Court of Appeals upheld and clarified New York's persistent felony offender statute.  First, the court affirmed that defendants are eligible for an indeterminable life term as long as they had two or more prior convictions.  Id. at 66.  The court clearly stated that "prior convictions are the *sole determinant* of whether a defendant is subject to recidivist sentencing as a persistent felony offender."  Id.  (citing People v. Rosen, 96

N.Y.2d 329, 335 (2001)). Second, the court affirmed that the law allows judges to use their discretion to reach factual conclusions about a defendant's history and character. Rivera, 5 N.Y.3d at 66. The court further asserted that CPL § 440.20, by authorizing a hearing, "does not grant defendants a legal entitlement to have those facts receive controlling weight in influencing the court's opinion" and that "[t]he statutory language requiring the sentencing court to consider the specified factors and to articulate the reason for the chosen sentence grants defendants a right to an airing and an explanation, not a result." Rivera at 68. Finally, the court affirmed that "once a defendant is adjudicated a persistent felony offender, a recidivism sentence cannot be held erroneous as a matter of law, unless the sentencing court acts arbitrarily or irrationally. Id.

Moreover, the Court of Appeals for the Second Circuit has established that New York's persistent felony offender statute is constitutional and does not violate Apprendi. See Brown v. Greiner, 409 F.3d 523, 534-35 (2d Cir.2005); Brown v. Miller, 451 F3d 54, 59 (2d Cir.2006); see also Phillips v. Artus, No. 05 cv 7974, 2006 WL 1867386 (S.D.N.Y. June 30, 2006); Woods v. Haponick, No. 05 cv 4374, 2006 WL 2482022 (E.D.N.Y. August 25, 2006).

Brown v. Greiner consolidates the appeals in three habeas petitions. See Brown 409 F.3d at 526. In Brown, the Second Circuit discussed whether "the state court's decisions affirming Petitioners' extended sentences under New York's persistent felony offender statute, N.Y.Penal Law § 70.10, [were] 'contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States [under] 28 U.S.C. § 2254(d).'" Id. The court held that the sentencing

7

judge's determination that petitioner had two prior felony convictions did not violate Apprendi and that the state court's decision was not contrary to, or an unreasonable application of Apprendi. Id. at 534-535. The Second Circuit agreed with the New York Court of Appeals in that the "other factor that determines whether a defendant will receive an enhanced sentence involves the sentencing court's fulfillment of 'its traditional role-giving due consideration to agreed-upon factors-in determining an appropriate sentence within the permissible statutory range.'" Brown at 534 (citing Rosen, 96 N.Y.2d at 335).

     Here, petitioner alleges that he was wrongly adjudicated a persistent felony offender by a sentencing judge rather than by a jury. He alleges that the court based its decision on a "standard less than beyond a reasonable doubt " and that his "history and character" did not warrant a life sentence. See Pet. at ¶ 12. Petitioner was granted a hearing in which the court determined that he had been previously convicted of at least nine felonies. (Pet. Memo at 3). In fact, petitioner conceded to these prior convictions. Id. This determination alone permitted the court to sentence petitioner as a persistent felony offender without any further findings. See Rivera at 66-67; see also Penal Law § 70.10(1)(a).

     Next, the court heard argument from both sides on petitioner's history, and character and criminality factors to determine if "extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest." CPL § 400.20(1),(5). A judge may consider other factors to weight petitioner's recidivism and at his or her discretion, may decide whether to grant an enhanced sentence. See Rivera at 67. Petitioner was granted an opportunity to controvert allegations against

him and to provide the court with evidence of good character.  The prosecution had the burden of proving, by a preponderance of the evidence, that petitioner deserved an enhanced sentence.  See Rosen at 335; see also CPL § 400.20(5).

At the hearing, petitioner provided evidence of history and character.  According to petitioner, he was the primary care giver for his elderly, paraplegic father. (Pet. Memo at 6).  He did most of the shopping, cooking and cleaning.  Id.  He admitted that he had an addiction to heroin and cocaine for twenty-eight years and the crimes he committed were due to the untreated underlying drug addiction.  Id. at 7.  Over the years, petitioner worked at different jobs but was unable to shake the addiction.  Id.  Petitioner promised that he would not leave prison until he could enter a drug treatment program directly from prison.  Id.

Petitioner also advised the court of his HIV positive status and also mentioned that while in prison he established and chaired counseling and education groups for other prisoners with HIV/AIDS.  Id. at 6.  As further proof of his good character, petitioner states that he demonstrated his sense of community when he helped capture two robbers by memorizing the licence plate on the getaway car.  (Pet. Memo at 7).

After listening to petitioner's argument, the court found petitioner to be a persistent felony offender.  The court cited petitioner's prior felony convictions, his tardiness to previous court dates, his failure to appear for sentencing, and his continued use of drugs.  Id.  The court determined that "petitioner 'function[s] most effectively while incarcerated and has persistently been unable to sustain appropriate conduct, both in relation to himself and in relation to society, while residing in the community.'" Id. at 9 (citing Sentencing Transcript at 2.)

In light of the record, I conclude that the state court's findings of fact with respect to petitioner's prior felony convictions and recidivism are clearly supported by the record. Petitioner has failed to establish that a constitutional violation occurred. Accordingly, I respectfully recommend that petitioner's claim should be dismissed as it is without merit.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

### IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: August 21, 2007
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE

Copies of this Report and Recommendation have been sent to the following:

Hon. Stephen C. Robinson, USDJ

Lorraine Maddalo. Esq.

Morrie I. Kleinbart, Esq